# Hull et al., Appellants, v. Lackawanna Coal Co., Ltd.

*Deed — Construction — Avoiding uncertainty — Description — Grant of coal—Veins as unit—Identity—Finding of fact—Appeal.*

1. A deed of coal specified the property conveyed as a "vein or stratum of coal" beneath a tract of land specifically described, and "is the one lately found by the borings" of a coal company mentioned, "and is supposed to be a part of the same vein or stratum of coal" now being worked "through a tunnel on lands" of other persons named. The borings mentioned showed that at the depth of 266 feet there was exposed coal 3 feet in thickness beneath which was slate three feet four inches in thickness and then coal five feet in thickness. There was no other coal exposed except traces. On a bill in equity plaintiffs claimed that the upper or three-foot layer of coal was a separate vein, and did not pass by the deed. Defendants claimed that the two layers constituted a single vein. The court below found that the weight of the evidence warranted the conclusion that the coal in controversy was part of a single vein and it was admitted by defendant at the argument of the appeal that there was evidence to support such a finding. The court further found that, "face to face with the coal as it so presented itself, they [the parties] dealt with it as a unit; as such, the identity of the thing granted is free from doubt, any other conclusion would avoid the deed for uncertainty, as it would be impossible to determine which of the two parts was intended to be conveyed." *Held,* that plaintiff's contention was unfounded, and that the bill was properly dismissed.

2. A finding of the court below, supported by the weight of the evidence, will not be reversed on appeal.

Argued February 23, 1920. Appeal, No. 90, Jan. T., 1920, by plaintiff, from decree of C. P. Lackawanna Co., Oct. T., 1918, No. 18, dismissing bill in equity, in case of Thomas H. Hull et al. v. Lackawanna Coal Co., Ltd. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity to enjoin working vein of coal.   Before NEWCOMB, J.

From the record it appeared that both parties claimed title from Maria B. Hull and others, from whom defendant took a deed dated June 8, 1894. The grant in the deed described the property as a "vein or stratum of coal" beneath a tract of land specifically described, and "is the one lately found by the borings" of the Pennsylvania Coal Co. and "is supposed to be a part of the same vein or stratum of coal" now being worked "through a tunnel on lands" of persons named.

The record of "the borings" called for in the deed, together with map of the borehole, was in evidence and free from dispute. What had been thus "found," in the order of position from the surface downward, was the following:

| | |
|---|---|
| Surface sandstone, | 70 feet |
| Conglomerate, | 11 feet |
| Coal, | 0 feet 3 inches |
| Strata (stratified rock), | 76 feet 3 inches |
| Coal, | 0 feet 5 inches |
| Sandstone, | 107 feet 6 inches |
| Coal, | 3 feet 0 inches |
| Slate, | 3 feet 4 inches |
| Coal, | 5 feet 0 inches |
| Slate, | 2 feet 6 inches |
| Sand slate, | 2 feet 0 inches |
| Sandstone, | 45 feet 0 inches |
| Conglomerate, | 5 feet 0 inches |

Plaintiffs claimed that the upper or three-foot layer of coal found at a depth of 266 feet and separated by three feet four inches of slate from the five-foot layer of coal, was a separate vein and did not pass by the deed.

The controlling findings of the court below are set forth in the opinion of the Supreme Court.

The bill was dismissed.   Plaintiffs appealed.

Assignment of Error—Opinion of the Court.    [267 Pa.

*Error assigned* was, inter alia, decree dismissing bill.

*H. C. Price* and *S. B. Price,* with them *C. B. Price,* for appellants,    cited:    Barnhart v. Riddle, 29 Pa. 92; George v. Conneaut Twp., 18 Pa. Superior Ct. 47; Clarke v. Adams, 83 Pa. 309; Peart v. Brice, 152 Pa. 277; Province v. Crow, 70 Pa. 199.

*John P. Kelly,* of *O'Brien & Kelly,* with him *John R. Wilson* and *Knapp, O'Malley, Hill & Harris,* for appellee, cited: Miner's App., 61 Pa. 283.

PER CURIAM, April 12, 1920:

The learned chancellor found that the weight of the evidence warranted the conclusion that the coal in controversy is part of a single vein, and it was admitted by learned counsel for the appellants, on the argument of this appeal, that there was evidence to support such a finding.  For this reason alone their bill might have been properly dismissed.  The decree dismissing it is affirmed, on the fourth conclusion of law reached by the court below, which is as follows: "Face to face with the coal as it so presented itself, they dealt with it as a unit.  As such the identity of the thing granted is free from doubt. Any other conclusion would avoid the deed for uncertainty as it would be impossible to determine which of the two parts was intended to be conveyed."

Decree affirmed at appellants' costs.